[No. 4,334.]

## TEMPLETON v. COBURN.

FRANCHISE TO CONSTRUCT A WHARF.—An application to the Board of Supervisors for a franchise to construct a wharf in accordance with the provisions of the Act of March 1, 1870, must particularly describe the locality of the wharf.

APPEAL from the District Court of the Twelfth Judicial District, County of San Mateo.

The action was brought to condemn certain lands owned by the defendants to the use of a wharf and chute, to construct which the plaintiffs alleged that they were possessed of a franchise granted by the Board of Supervisors of San Mateo County. The defendants, in their answer, denied that the plaintiffs were the owners of any franchise. At the trial it appeared that the plaintiffs had presented a petition to the Board of Supervisors, in which they asked for a franchise "to build a wharf and chute, not to exceed seventy-five feet in width, and to be located on the northeast quarter of section three, in township nine south, range five west, Mount Diablo meridian, in said county, near what is known as Pigeon Point shipping-place, commencing at tide-water, near the bluff, at said shipping-place, and extending in a southeasterly direction over the overflowed and submerged lands of this State to navigable water in the Pacific Ocean, a distance that will not interfere with free navigation, and to use the same for a term of twenty years,

together with the further right to keep unencumbered a strip of the overflowed and submerged land on each side of said wharf and chute of one hundred and fifty-five feet in width from high-water mark to navigable water, to be used for the purpose of landing, loading and unloading of water crafts for the same number of years." In October, 1870, the Board made an order granting the prayer of the petition, and describing the location of the wharf in the same language as that used in the petition. Judgment was rendered in favor of the plaintiffs; the defendants moved for a new trial, which was refused, and they appealed from the judgment and from the order denying the new trial.

The Act of March 1, 1870, under which the plaintiffs applied for their franchise, in section two, contains the following provision: "Persons desiring to build wharves, chutes and piers on the overflowed and submerged lands of this State shall make a plan of the wharf, chutes and piers they desire to build, and of the land within three hundred feet of such proposed wharf, chutes and piers, with the names of the owners or claimants of such lands, and the names of the waters into which such wharf, chutes and piers proposed to be extended written thereon; and shall also make and sign an application to the Board of Supervisors of the county in which the location is situated, for a grant of such franchise, in which application the locality of the wharf, chutes and piers proposed to be built shall be particularly described, and the time named when the application shall be made." (Stats. 1869-70, p. 526.)

*Williams & Thornton,* for Appellants.

The plaintiffs have no franchise to build a wharf and chute. The application to the Board of Supervisors was insufficient to give the Board jurisdiction to grant the franchise, in that it failed to describe the location of the wharf and chute with the particularity required by the statute. (Stats. 1869-70, p. 526.)

*Charles N. Fox,* for Respondents.

The application describes the location to be on the

northeast quarter of section three, "near what is known as Pigeon Point shipping-place, commencing at tide-water near the bluff of said shipping-place." That is a description of the location by reference to visible monuments, fixed, definite and certain, easily ascertained, and to which any erroneous description by imaginary boundaries and false calls must yield. (*Vance* v. *Fore*, 24 Cal. 435; *Reed* v. *Spicer*, 27 Cal. 57; *Reamer* v. *Nesmith*, 34 Cal. 624; *Piper* v. *True*, 36 Cal. 606; *Mills* v. *Lux*, 45 Cal. 273.)

The COURT reversed the judgment and directed that the action be dismissed on the ground that the application did not describe the location of the wharf and chute, with the degree of particularity required by section two, of the Act of March 1, 1870. (Stats. 1869–70, p. 526.)